[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13986
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

Agency No. A98-889-415

GUANGKUI WANG,
a.k.a. Guang Kui Wang,
a.k.a. Guangqui Wang,
a.k.a. Guang Qui Wang,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 18, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Guangkui Wang, a native and citizen of China, entered the United States on April 10, 2005, without authorization. The Department of Homeland Security ("DHS") consequently charged him with removability. During a master calendar hearing before an Immigration Judge ("IJ"), Wang, through counsel, conceded removability and submitted an asylum application based on persecution he allegedly suffered at the hands of the Chinese government as a Falun Gong practitioner. He appeared before the IJ again on April 4, 2007, and testified in support of his application. The IJ found his testimony not credible, denied his application for asylum and his request for withholding of removal and protection under the U. N. Convention Against Torture ("CAT"), and ordered his removal.

Wang appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed. Wang now petitions this court for review.[1]

In his petition, Wang argues that the BIA erred in upholding the IJ's adverse credibility finding. More specifically, he asserts that an I-213 interview summary form, on which the IJ based part of his decision, was unreliable. Wang also argues that omissions that he made in his asylum application, which the IJ noted, were minor discrepancies since it is unreasonable to expect an asylum applicant to include every single detail in his asylum application. Finally, he argues that he

---

[1] Wang's brief, prepared by counsel, does not present an argument concerning possible CAT relief. Any CAT issue he may have had is therefore abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

provided sufficient corroboration of his claim of torture in the form of a statement from his father.

If the BIA does not expressly adopt the IJ's decision, we only review the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review only the BIA's decision; but, to the extent that the BIA adopts the IJ's reasoning, we will review the IJ's decision as well). Factual determinations are reviewed under the substantial evidence test, and the BIA's decision is due to be affirmed if it is supported by reasonable, substantial, and probative evidence on the record as a whole. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Therefore, we will reverse a finding of fact only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

"To establish asylum eligibility based on political opinion or any other protected ground, the [applicant] must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (quoting 8 C.F.R. §§ 208.13(a), (b)). To qualify for withholding of removal, an applicant must establish "that his life or freedom would

3

be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). The applicant bears the burden of proof in establishing his eligibility for asylum and withholding of removal. See 8 U.S.C. §§ 1158 (b)(1)(B)(i), § 1231(b)(3)(A). While the burdens of proof for asylum and withholding of removal are different, if an applicant cannot establish that he has a well-founded fear of future persecution based on a protected ground if he were to be returned to his country, then he cannot qualify for either asylum or withholding of removal. See Sepulveda, 401 F.3d at 1230-31.

An applicant's testimony, if credible, may carry his burden of proof without corroboration. 8 C.F.R. § 208.13(a). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. However, "the [BIA] must offer specific, cogent reasons for an adverse credibility finding." Id. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). We "may not substitute [our] judgment for that of the [BIA] with

4

respect to credibility findings." Forgue, 401 F.3d at 1286. However, the BIA must make a "clean" determination of credibility. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). In addition, if an applicant who is not a credible witness produces other evidence of persecution aside from his testimony, the BIA is obligated to consider that evidence. Forgue, 401 F.3d at 1287.

Having reviewed the record, we conclude that the BIA's adverse credibility finding is supported by important omissions in Wang's asylum application and by Wang's earlier statement that he did not fear returning to China. In that the remaining evidence in the record does not compel a reversal, we are bound to deny Wang's petition.

PETITION DENIED.